IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOHN MOORE, :
    Plaintiff, :
:
v. : CIVIL ACTION NO. 18-CV-2484
:
JOSECLEN GOSSETT, *et al.*, :
    Defendants. :

**MEMORANDUM**

**PAPPERT, J.**                                                                                       **JUNE 18, 2018**

      Plaintiff John Moore, proceeding *pro se*, filed this civil action against Joseclen Gossett and Teri Sincuure, a Support Master and Clerical Supervisor, respectively, of the Family Division of the Philadelphia Court of Common Pleas. He has also filed a Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 1.) For the following reasons, the Court will grant Moore leave to proceed *in forma pauperis* and will dismiss his Complaint.

I

      In his Complaint, Moore alleges that on May 23, 2017, he had a Family Court support hearing. (Compl. at 3.) Moore told Gossett that he "was on SSD [Social Security Disability] and had not worked since 2014." (*Id.*) He also mentioned that the IRS and the Army had been garnishing his income. (*Id.*) Moore alleges that Gossett entered an "[illegal] order [that violates] state and feder[a]l [guidelines]" because it directed that more than 50% of his income be allocated for support. (*Id.*) Moore states that this led to him becoming homeless. (*Id.*) He further alleges that Gossett refused to change the order on December 23, 2017 "[where he] had to see mental health." (*Id.*) He

also contends that on June 14, 2018, Sicuure "intentional[ly] gave [him] mis[]leading information despite he[r] work exp[erience] of more th[a]n 10 years." (*Id.*)

Moore states that because of the Defendants' actions, he is "now suffering from depression." (*Id.* at 4.) He indicates that he has received treatment at the VA Hospital. (*Id.*) As relief, he requests that the Court "overturn the order" and also award him $150,000.00 "for emotional duress and loss of funds and dam[a]ges." (*Id.*)

II

The Court will grant Moore leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees necessary to commence this action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* Additionally, the Court may dismiss claims based on an affirmative defense if that defense is obvious from the face of the complaint. *See Reaves v. Pa. Bd. of Prob. & Parole*, 580 F. App'x 49, 51 n.1 (3d Cir. 2014) (per curiam); *cf. Ball v. Famiglio*, 726 F.3d 448, 459 (3d Cir. 2013). As Moore is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

III

A

As noted above, Moore requests that this Court "overturn the order" entered by Gossett. Pursuant to the *Rooker-Feldman* doctrine, however, "federal district courts lack jurisdiction over suits that are essentially appeals from state-court judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010). Based on that principle, the *Rooker-Feldman* doctrine deprives a federal district court of jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 166 (quotations omitted). Accordingly, the Court lacks jurisdiction to review and overturn the support order in question.

B

To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Here, Moore's Complaint fails to allege a meritorious § 1983 claim against a proper defendant.

It appears that Moore believes that Gossett violated his rights by entering the support order that garnished more than 50% of his income. However, Gossett is entitled to quasi-judicial immunity because "[her] judgment[ is] 'functional[ly] comparab[le]' to [that] of judges—that is, because [she], too, 'exercise[s] a discretionary judgment' as a part of [her] function." *Kulesa v. Rex*, 519 F. App'x 743, 746 (3d Cir.

2013) (per curiam) (third and fourth alterations in original) (quoting *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 42, 436 (1993); *see also Schapiro v. Montgomery Cty. Court*, No. CIV. A. 95-0986, 1995 WL 348670, at *2-3 (E.D. Pa. June 8, 1995). Here, it is clear that Moore sued Gossett based upon her exercise of discretionary judgment in his support matter. Accordingly, his claims against her are barred by quasi-judicial immunity.

With respect to Sincuure, Moore vaguely alleges that on June 14, 2018 she intentionally gave him misleading information. (Compl. at 3.) Moore's Complaint lacks any facts suggesting that Sincuure "did not act within [her] discretion, outside the scope of [her] duties, or contrary to the direction of a judicial officer." *Kulesa*, 519 F. App'x at 746 (citing *Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 772-73 (3d Cir. 2000); *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992); *Lockhart v. Hoenstine*, 411 F.2d 455, 460 (3d Cir. 1969)). At this time, the Court cannot determine whether Moore has stated a plausible claim that is not barred by quasi-judicial immunity against Sincuure. Accordingly, his claims against her will be dismissed with leave to amend.

IV

For the foregoing reasons, the Court will grant Moore leave to proceed *in forma pauperis* and will dismiss his Complaint. Moore's claims seeking review of the support order will be dismissed for lack of jurisdiction pursuant to the *Rooker-Feldman* doctrine. Moore's claims against Support Master Gossett will be dismissed with prejudice, and his claims against Teri Sincuure will be dismissed without prejudice to his right to file an amended complaint, as set forth in the Order that follows.

**BY THE COURT:**

***/s/ Gerald J. Pappert***
**GERALD J. PAPPERT, J.**