IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN MOORE, : |  |
|     Plaintiff, : |  |
| : |  |
| v. : | CIVIL ACTION NO. 18-CV-2484 |
| : |  |
| TERI SINCUURE, *et al.*, : |  |
|     Defendants. : |  |

**MEMORANDUM**

**PAPPERT, J.**                                                                                         **JUNE 26, 2018**

On June 14, 2018, Plaintiff John Moore, proceeding *pro se*, filed a Complaint against "Joseclen Gossett," a Support Master, as well as Teri Sincuure, a Clerical Supervisor of Family Court. (ECF No. 2.) He also filed a Motion for Leave to Proceed *In Forma Pauperis.* (ECF No. 1.) By Memorandum and Order entered on June 18, 2018, the Court granted Moore leave to proceed *in forma pauperis* and dismissed his Complaint. (ECF Nos. 4, 5.) Specifically, the Court noted that: (1) it lacked jurisdiction to review the support order in question pursuant to the *Rooker-Feldman* doctrine; (2) Support Master Gossett was entitled to quasi-judicial immunity; and (3) Moore had not stated a plausible claim not barred by quasi-judicial immunity against Sincuure. (ECF No. 4 at 2-4.) The Court granted Moore leave to file an amended complaint "in the event he [could] state a plausible claim against Teri Sincuure or any other officials (with the exception of Support Master Gossett) who he believes violates his rights." (ECF No. 5 at 1.)

On June 25, 2018, Moore returned with his Amended Complaint, naming Gossett as the sole Defendant. (ECF No. 6.) Because it appears that Moore has

voluntarily dropped Sincuure from his Amended Complaint, the Court will direct the Clerk to terminate her as a Defendant. *See Palakovic v. Wetzel*, 854 F.3d 209, 221 n.13 (3d Cir. 2017). For the following reasons, the Court will dismiss the Amended Complaint with prejudice.

I

In his Amended Complaint, Moore alleges that Gossett has violated his rights under the Fifth and Fourteenth Amendments to the United States Constitution. (Compl. at 2.) According to Moore, Gossett entered a support order that "[violates] the self support . . . [guidelines] and federal poverty guidelines." (*Id.* at 3.) He states that he filed a complaint "with her supervisor at 1501 Arch and told the court it [violates his] 14th Amendment article 6 of right to trial and fair hearing human rights act." (*Id.*) Moore states that he "had to be seen at Cooper Hospital for depression[n] and . . . Veteran's Hospital and [is] now homeless." (*Id.* at 5.) As relief, he requests $150,000.00 "for emotional duress and [damages] and [dismiss] support order." (*Id.*)

II

Because the Court has granted Moore leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires that the Court dismiss the Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

Conclusory statements and naked assertions will not suffice. *Id.* Additionally, the Court may dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. *See Reaves v. Pa. Bd. of Prob. & Parole*, 580 F. App'x 49, 51 n.1 (3d Cir. 2014) (per curiam); *cf. Ball v. Famiglio*, 726 F.3d 448, 459 (3d Cir. 2013). As Moore is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

III

Moore once again requests that this Court dismiss the support order entered by Gossett. As the Court previously informed Moore, the *Rooker-Feldman* doctrine precludes this Court from doing so. (ECF No. 4 at 3 (quoting *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010).)

Moore repeats his prior allegation that Gossett violated his rights by entering a support order that allegedly did not comply with the support guidelines. Again, however, Gossett is entitled to quasi-judicial immunity because "[her] judgment[ is] 'functional[ly] comparab[le]' to [that] of judges—that is, because [she], too, 'exercise[s] a discretionary judgment' as a part of [her] function." *Kulesa v. Rex*, 519 F. App'x 743, 746 (3d Cir. 2013) (per curiam) (third and fourth alterations in original) (quoting *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 42, 436 (1993); *see also Schapiro v. Montgomery Cty. Court*, No. 95-0986, 1995 WL 348670, at *2-3 (E.D. Pa. June 8, 1995). Here, Moore sued Gossett based upon her exercise of discretionary judgment in his support matter. Accordingly, his claims against her are barred by quasi-judicial immunity.

3

IV

For the foregoing reasons, the Court will direct that the Clerk terminate Teri Sincuure as a Defendant and will dismiss Moore's Amended Complaint with prejudice. Moore will not be permitted to file a second amended complaint, as amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate Order follows.

**BY THE COURT:**

*/s/ Gerald J. Pappert*
**GERALD J. PAPPERT, J.**